## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| DOUGLAS DOWLING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE BOEING COMPANY, )<br>)<br>Defendant. ) | Case No.   4:21-cv-1414 |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Boeing Company ("Defendant" or "Boeing") hereby gives notice of the removal of the above-styled action to this Court from the Circuit Court of St. Louis County, State of Missouri. In support of its Notice of Removal, Defendant states as follows:

1. The action styled *Douglas Dowling v. The Boeing Company*, Case No. 21SL-CC03607, was filed in the Circuit Court of St. Louis County, State of Missouri, on or about August 9, 2021.

2. Defendant Boeing was served with an alias summons and a copy of Plaintiff's Petition on November 1, 2021.

3. This Notice of Removal is timely because it is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

4. This action arises from Plaintiff's employment and Boeing was Plaintiff's employer.

5. In his Complaint, Plaintiff purports to bring a claim for disability discrimination under the Missouri Human Rights Act, §§ 213.010, RSMo *et seq*.; Complaint ¶¶ 52-60.

6. Venue of this civil action is proper in this Court pursuant to 28 U.S.C. § 1441(a).

7. This Court has original jurisdiction over this action based on diversity pursuant to 28 U.S.C. 1332(a) because the parties are citizens of different states and the matter in controversy exceeds $75,000.

## DIVERSITY OF CITIZENSHIP

8. At the time the action was filed, Plaintiff was a citizen of the state of Missouri. *See* Plaintiff's Complaint ¶ 1.

9. At the time the action was filed and at all times since, Defendant Boeing was and continues to be a corporation incorporated under the laws of Delaware and with its principal place of business in Illinois.

10. Because Plaintiff is a citizen of a different state than Defendant, there is complete diversity of citizenship among the parties pursuant to 28 U.S.C. §1332 and the action is removable pursuant to 28 U.S.C. § 1441(b).

## AMOUNT IN CONTROVERSY

11. Defendant denies that it has engaged in any unlawful conduct or that Plaintiff is entitled to any relief. However, assuming *arguendo* that Plaintiff should be entitled to damages in this case, the amount in controversy clearly exceeds the $75,000 minimum jurisdictional amount of 28 U.S.C. § 1332, exclusive of interest and costs.

12. Plaintiff's Complaint seeks damages under the MHRA resulting from alleged disability discrimination and failure to accommodate an alleged disability. *See* Complaint, ¶¶ 52-60. The MHRA allows for potential recovery of lost back pay[1], front pay, compensatory damages for emotional distress, punitive damages, and attorney's fees. *See* § 213.111.2, RSMo.

---

[1] Generally, the period for back pay runs from the date of termination until the date of reinstatement or judgment. *Clark v. Matthews Intl. Corp.*, 639 F.3d 391, 396 (8th Cir. 2011) (internal quotations omitted).

13. Plaintiff alleges he has "lost wages, benefits, and has experienced pain and suffering." Complaint, ¶ 60. Plaintiff seeks actual damages, back pay, compensatory damages, interest, medical expenses, and costs and attorney's fees. *See* Complaint, WHEREFORE paragraph, p. 11.

14. Plaintiff's Complaint requests damages "above the $25,000.00 jurisdictional requirement . . . ." and "other and further legal relief as the Court deems just and proper under the facts and circumstances of this case." *See* Complaint, WHEREFORE paragraph, p. 11.

15. The amount in controversy is met if a fact finder "might legally conclude" that the damages exceed $75,000, including actual damages, punitive damages, and attorney fees. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are."). "What matters is what is ***possible***, not what is ***likely***; if it is possible for the plaintiff to recover more than $75,000, the amount-in-controversy requirement is met." *Newbauer v. Hill-Rom Co. Inc.*, 2018 WL 2411617, at *1 (D. Minn. May 29, 2018) (emphasis in original); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). In establishing the amount in controversy, "Defendant's burden is a pleading requirement and not a demand for proof." *Spight v. Caterpillar, Inc.*, 2016 WL 3546411, at *2 (W.D. Mo. June 24, 2016).

16. Here, the potential back pay at issue, standing alone, would satisfy the amount in controversy requirement. Plaintiff voluntarily resigned from his employment at Boeing on November 29, 2021. At the time of his resignation, Plaintiff worked full time, and earned $23.89 per hour (roughly $47,780 per year). The parties can reasonably expect this case to proceed to trial

3

in approximately August 2024[2], which would be almost three years after Plaintiff's last date of employment with Boeing. Accordingly, should Plaintiff succeed at trial, his back pay could reach as high as $143,340. *See Caldwell v. General Motors, LLC*, 2018 WL 6696624, at *2 (E.D. Mo. Dec. 20, 2018) (denying motion to remand, and calculating back pay damages based on the assumption of a trial taking place in 18 months).

17. Thus, Plaintiff's ***potential*** award of back pay alone surpasses the amount in controversy requirement. *See Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396–97 (8th Cir. 2011) ("[I]t is more likely than not that the back pay award that Clark seeks by itself exceeds $75,000. Consequently, we believe Matthews has carried its burden of proving by a preponderance of the evidence that diversity-of-citizenship jurisdiction exists over Clark's MHRA claim.").

18. In assessing the amount in controversy, courts also consider the value of front pay or reinstatement. Reinstatement is "the preferable remedy in MHRA claims," but "front pay may be awarded where reinstatement is not feasible." *Walker v. Fed. Express*, 2019 WL 2603544, at *2 (E.D. Mo. June 25, 2019); *Salazar v. Tyson Foods, Inc.*, 985 F. Supp. 2d 996, 1001 (S.D. Iowa 2013) (denying a motion to remand, even though the plaintiff only sought $65,000 in monetary relief, because the value of non-monetary relief brought the amount in controversy above the jurisdictional threshold).

19. A judgment that requires Defendant to reinstate Plaintiff or to compensate him with front pay damages would result in the above-described back pay damages ($47,780 per year) continuing to be paid for years into the future beyond the trial date, either as wages or to satisfy the judgment. *See King v. Staley*, 849 F.2d 1143, 1145 (8th Cir. 1988) ("King is entitled to receive

---

[2] *See* U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics (Sept. 30, 2021) at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2021.pdf, p. 59. In the 12-month period ending June 30, 2019 (the most recent available data, per the referenced table), the median time interval from date of filing until a civil trial in the U.S. District Court for the Eastern District of Missouri was 35.3 months.

backpay equal to the difference between what she would have earned as an Accounting Supervisor and the amount that she earned in mitigation of damages. Moreover, King is entitled to frontpay on this basis until she is placed in a comparable position or declines an offer of comparable employment."); *Ogden v. Wax Works, Inc.*, 29 F. Supp. 2d 1003, 1022 (N.D. Iowa 1998) (awarding plaintiff $69,768 in front pay). Thus, the amount in controversy due to Plaintiff's potential back pay and front pay recoveries is more than sufficient on their own to surpass the jurisdictional threshold of $75,000.

20. Compensatory damages for emotional distress in discrimination cases often range from $50,000 to $150,000, even when the only evidence of emotional distress comes from the testimony of the plaintiff and not an expert witness or treating healthcare provider. *See Gray v. Tyson Foods, Inc.*, 46 F. Supp. 2d 948, 960–61 (W.D. Mo. 1999) (affirming award of compensatory damages of $50,000, which was reduced from a jury award of $185,000); *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1053 (8th Cir. 1997) (affirming award of $100,000 in non-economic damages for emotional distress and loss of enjoyment of life, which was reduced from a jury award of $1.5 million); *Lin v. Washington Univ. et al.*, 1422-CC09377 (St. Louis City Circuit Court, August 25, 2017) ($269,000 judgment entered after jury verdict in this amount for actual damages); *Kader v. Board of Regents of Harris Stowe State Univ.*, Case No. 1222-CC02913 (St. Louis City Circuit Court, April 4, 2017) ($750,000 judgment entered after jury verdict in this amount for actual damages); *Horn v. St. Louis Univ.*, Case No. 1222-CC09870 (St. Louis City Circuit Court, September 22, 2016) ($167,000 judgment entered after jury verdict in this amount for actual damages); *Kucia v. Southeast Arkansas Community Action Corp.*, 284 F.3d 944, 947-48 (8th Cir. 2002) ($50,000 in compensatory damages for emotional distress); *Ross v. Douglas County, Nebraska*, 234 F.3d 391, 397 (8th Cir. 2000) ($100,000 for emotional distress); *Kientzy v.*

*McDonnell Douglas Corp.*, 990 F.2d 1051, 1061-62 (8th Cir. 1993) ($125,000 for mental anguish and suffering). Plaintiff's Complaint alleges emotional distress in that it claims he "experienced pain and suffering." Complaint ¶ 60 and WHEREFORE paragraph, p. 11. Such allegations place significant emotional distress in controversy.

21. Plaintiff also seeks punitive damages under the MHRA (*see* Complaint ¶ 59), which often results in large punitive awards. *See, e.g., Kimzey v. Wal-Mart Stores, Inc.*, 107 F.3d 568, 576–77 (8th Cir. 1997) (affirming judgment awarding $350,000 in punitive damages, which was reduced from a jury award of $50 million); *Gray v. Tyson Foods, Inc.,* 46 F. Supp. 2d 948, 960–61 (W.D. Mo. 1999) (affirming judgment awarding $100,000 in punitive damages, which was reduced from a jury award of $800,000); *Denesha v. Farmers Insurance Exchange*, 161 F.3d 491, 504 (8th Cir. 1998) (finding an award of punitive damages in the amount of $700,000 was appropriate); *Williams v. Trans States Airlines, Inc.*, 281 S.W.3d 854 (Mo. App. E.D. 2009) ($325,000 in punitive damages was appropriate); *McGhee v. Schreiber Foods, Inc.*, 502 S.W.3d 658, 675 (Mo. App. W.D. 2016) (affirming $350,000 in punitive damages in a disparate treatment case); *see also White v. United Parcel Serv.*, 2012 WL 760936, at *3 (E.D. Mo. Mar. 8, 2012); *Kim*, 123 F.3d at 1053 (affirming judgment awarding $300,000 in punitive damages, which was reduced from a jury award of $7 million); *Kader v. Board of Regents of Harris Stowe State Univ.*, Case No. 1222-CC02913 (St. Louis City Circuit Court, April 4, 2017) ($1,750,000 judgment entered after jury verdict in this amount for punitive damages); *Horn v. St. Louis Univ.,* Case No. 1222-CC09870 (St. Louis City Circuit Court, September 22, 2016) ($200,000 judgment entered after jury verdict in this amount for punitive damages).

22. Under the MHRA, a successful plaintiff is also entitled to recover reasonable attorneys' fees. If Plaintiff prevails on any of his claims at trial, it is reasonably certain that his

attorney's fees will exceed $75,000. *Baker v. John Morrell & Co.*, 382 F.3d 816, 832 (8th Cir. 2004) (affirming award of $163,198.91 in attorneys' fees and $11,728.23 in costs); *Lin v. Washington Univ. et al.*, 1422-CC09377 (St. Louis City Circuit Court, August 25, 2017) ($319,635.00 judgment entered for attorney's fees); *Kader v. Board of Regents of Harris Stowe State Univ.*, Case No. 1222-CC02913 (St. Louis City Circuit Court, April 4, 2017) ($180,000.00 judgment entered for attorney's fees); *Green v. City of St. Louis, et al.*, Case No. 1422-CC09588 (St. Louis City Circuit Court, September 1, 2016) ($120,000.00 judgment entered for attorney's fees); *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 935 (8th Cir. 2007) (affirming award of $74,905 in attorney fees, plus other damages); *Campos v. City of Blue Springs, Missouri*, 289 F.3d 546, 553 (8th Cir. 2002) ($79,238.70 in attorneys' fees awarded to prevailing plaintiff in discriminatory discharge case); *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1052 (8th Cir. 2002) ($168,551.78 in attorneys' fees and $14,700.79 in costs); *Kline v. City of Kansas City, Mo. Fire Dept.*, 245 F.3d 707, 708 (8th Cir. 2001) ($277,900 in attorneys' fees); *Arneson v. Callahan*, 128 F.3d 1243, 1248 (8th Cir. 1997) ($178,610 in attorneys' fees); *Caldwell v. Gen. Motors, LLC*, 2018 WL 6696624, at *3 (E.D. Mo. Dec. 20, 2018) (denying motion to remand, and noting that there are "MHRA cases in which plaintiffs have been awarded punitive damages and attorneys' fees well in excess of $75,000").

23.   Courts in the Eighth Circuit have found that, in discrimination cases where the actual damages are as low as $35,000, the other damages available are more than adequate to meet the amount in controversy. *White v. United Parcel Serv.*, 2012 WL 760936, at *3 (E.D. Mo. Mar. 8, 2012) (finding the amount in controversy was met, even though the lost wages appeared to be around only $35,000 and the party was proceeding *pro se* and would not incur attorney fees, because alleged damages associated with emotional distress and punitive damages brought the

7

amount in controversy above $75,000); *Jarrett v. Henkel Corp.*, 2016 WL 407301, at *2 (W.D. Mo. Feb. 2, 2016) (finding amount in controversy met in a discrimination case where the actual damages were about $40,000); *Polites v. Home Depot U.S.A., Inc.*, 2013 WL 2420674, at *2 (E.D. Mo. June 3, 2013) (denying motion to remand in MHRA case where compensatory damages were alleged to be $44,000, and stating, "even assuming that Plaintiffs' actual damages are less than $75,000, Polites' demand for punitive damages, damages for emotional distress, and attorneys' fees would increase this amount.").

24. Accordingly, the preponderance of the evidence demonstrates that, if Plaintiff prevails on his claims, his damages and attorneys' fees will easily exceed $75,000, and the jurisdictional amount in controversy requirement is met.

## CONCLUSION

25. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

26. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of its filing of this Notice to counsel for Plaintiff. Defendant will also promptly file a copy of this Notice with the Circuit Court of St. Louis County, State of Missouri.

27. Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings, and orders served on Defendant in the State Court are attached to this Notice as Exhibit A.

WHEREFORE, Defendant The Boeing Company, by and through its counsel, desiring to remove this civil action to the United States District Court for the Eastern District of Missouri, Eastern Division, pray that the filing of this Petition and for Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Petition for the Notice of Removal

with the clerk of the Circuit Court of St. Louis County, State of Missouri, shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Erin E. Williams*
Erin E. Williams, MO #60935
Samuel W. Newman, #69443
Madeline L. Brown,  MO #72728
7700 Bonhomme Avenue, Suite 650
St. Louis, MO  63105
Telephone:  314-802-3935
Facsimile:  314-802-3936
erin.williams@ogletree.com
samuel.newman@ogletree.com
madeline.brown@ogletree.com

Attorneys for Defendant The Boeing Company

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 1, 2021, the foregoing was served via first class U.S. Mail to the following:

Rick Barry
Megen I. Hoffman
Law Offices of Rick Barry, P.C.
1034 S. Brentwood Blvd., Suite 1301
St. Louis, MO 63117
rickbarry@rickbarrypc.com
megens@rickbarrypc.com
*Attorneys for Plaintiff*

/s/ *Erin E. Williams*
Attorney for Defendant The Boeing Company

49393647.1

9