

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>WILLIAM M. CORRIGAN JR. | Case Number:  21SL-CC03607 |
|---|---|
| Plaintiff/Petitioner:<br>DOUGLAS DOWLING | Plaintiff's/Petitioner's Attorney/Address<br>MEGEN L HOFFMAN<br>1034 S. BRENTWOOD BOULEVARD<br>SUITE 1301<br>SAINT LOUIS, MO  63117 |
| **vs.** | |
| Defendant/Respondent:<br> THE BOEING COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**   THE BOEING COMPANY
Alias:

**221 BOLIVAR ST.**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>**08-OCT-2021**</u>
**Date**

_____
Clerk

**Further Information:**
**LES**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

        My commission expires: _____        _____
                                                Date                                        Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**

If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

### For more information call: 314-615-8029



Electronically Filed - St Louis County - August 09, 2021 - 08:45 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| DOUGLAS DOWLING, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Cause No.: |
| v. | ) | |
| | ) | Division No.: |
| THE BOEING COMPANY, | ) | |
| | ) | |
| Serve at: | ) | |
| Registered Agent | ) | JURY TRIAL DEMANDED |
| CSC-LAWYERS | ) | |
| INCORPORATING SERVICE | ) | |
| COMPANY | ) | |
| 221 BOLIVAR ST | ) | |
| JEFFERSON CITY, MO | ) | |
| 65101 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW Plaintiff, by and through counsel, and for her Petition against Defendant

The Boeing Company, states as follows.

     1.      At all times relevant hereto, Plaintiff is and was a citizen of the

United States above the age of eighteen (18) and resides within the State of Missouri.

     2.      Defendant, The Boeing Company ("Boeing"), is and was a corporation doing

business in the State of Missouri.

     3.      Jurisdiction in this court is proper pursuant to Mo. Rev. Stat. § 213.070 and Mo.

Rev. Stat. § 213.111.

     4.      Venue in this court is proper in that the acts and occurrences giving rise to

Plaintiff's cause of action occurred in St. Louis County, State of Missouri.

Electronically Filed - St Louis County - August 09, 2021 - 08:45 AM

5.      At all times relevant hereto, Boeing was acting through its designated supervisory agents, officers, employees and representatives, who were acting within the scope and course of their employment and authority, with full knowledge that Plaintiff's well established statutory rights were being violated by its employees and agents.

## COMMON FACTUAL ALLEGATIONS

6.      Plaintiff does hereby incorporate by reference each and every allegation contained in Paragraphs 1-5, as if fully set forth herein.

7.      Plaintiff is currently employed by Boeing as a mechanic.

8.      Plaintiff has had a prosthetic leg since 2016, when he was involved in a motor vehicle accident which required amputation of his leg.  Plaintiff had been working for Boeing at the time his leg was amputated.

9.      After the surgery in which his leg was amputated, Plaintiff provided Boeing with a copy of his physical restrictions from his surgeon, in or around 2016.  Over the course of the next five (5) years, Boeing repeatedly violated Plaintiff's physical restrictions in the assignment of job tasks.

10.     On January 7, 2020, Plaintiff's supervisor, Superintendent Ronnie Imm ("Imm") informed Plaintiff's shift that if any of them wished to be transferred to a different job within Boeing, to let him know and he would assist in getting the request completed.

11.     Later that same afternoon, Imm approached Plaintiff and asked if he wanted to be transferred back to his position on the F15 Line.

Electronically Filed - St Louis County - August 09, 2021 - 08:45 AM

12.     Plaintiff said that he did wish to be transferred back to his prior position on the F15 line, because of the physical issues he was experiencing with his prosthetic leg.  Imm became visibly upset and stormed away.

13.     On January 8, 2021, Imm informed Plaintiff and another co worker that he was still looking for a spot for them on the F15 line as requested, and for the time being they needed to remove all the white boards in the Shop from the walls.

14.     As directed by Imm, Plaintiff and his co-worker began removing the white boards from the walls of the Shop.  They were thereafter confronted by another supervisor who asked what they were doing and said the maintenance department was responsible for removing the white boards, and that such work was outside Plaintiff's classification and pay grade.

18.     A discussion was then had between the union representative and Imm, and Imm told the union rep that he was punishing Plaintiff and the other employee and they were not going to be allowed to work on the aircraft.

19.     Imm also told the union rep that he would not be paying Plaintiff or the co employee the same rate of pay as maintenance (which was higher than Plaintiff's mechanic pay rate) to complete the removal of the white boards.

20.     During Imm's conversation with the union rep, he also told him that Plaintiff and another employee were "under investigation" but refused to provide the union rep with any information about the nature of the investigation.

21.     Later that same day, January 8, 2020, Imm approached Plaintiff and the other employee and told them they had to remove the white boards because he had told them to do so,

3

Electronically Filed - St Louis County - August 09, 2021 - 08:45 AM

and that they were not going to get any extra pay for it.  Mr. Imm also stated to Plaintiff "remember when I said I would crawl through a mile of broken glass just to fuck you?"

22.     Plaintiff  continued to perform the task of removing the white boards, but the pain from his prosthetic leg became so great, he had to go to Boeing's medical department.

23.     The task of removing the white boards exceeded the physical limitations prescribed by Plaintiff's physician, a copy of which he had previously provided to Boeing. Specifically, Plaintiff was made to carry heavy framing, plywood, and white boards, some of which exceeded 35lbs.

24.     When Plaintiff went to the medical department that same day, January 8, 2021, he explained that he had physical restrictions.  Anita Clark in the medical department said she did not have any physical restrictions on file for him, which was not true.  She then told Plaintiff she could not say he was "handicap" unless she had a doctor's note.

25.     Ms. Clark then placed Plaintiff on temporary restrictions and stated that Plaintiff had to have his doctor sign off on the temporary restrictions in order for them to be permanent.

26.     On January 9, 2020, Plaintiff returned to work.  When he arrived, he was inexplicably still not allowed to work on the aircraft, and for the next two (2) days thereafter, he was assigned work in the Shop completing tasks that violated the restrictions he received from Boeing's medical department the day before.

27.     On January 13, 2021, Plaintiff was finally placed back to work on the aircraft. The next day, his union representative approached him and another employee and said that Imm wished to speak to both of them about having poor attitudes and not working up to their

Electronically Filed - St Louis County - August 09, 2021 - 08:45 AM

potential.  The meeting was scheduled for January 16, 2020, but Plaintiff was not at work due to a doctor's appointment.

28.     On January 23, 2020,  Imm approached Plaintiff and said, 'see, I knew you had it in you, you just needed some motivation." Plaintiff asked what he was talking about, and Imm put his hand on Plaintiff's hand and shook it violently, almost knocking Plaintiff's safety hat and glasses off.  Plaintiff told Imm he did not appreciate being touched.  Imm just smiled and walked away.

29.     In mid January, 2020, a previous supervisor contacted Plaintiff and asked if he wanted to return to the F15 line to help him.  Plaintiff agreed, but warned him his previous requests for transfer had been met with resistance.  The supervisor contacted Plaintiff about a week later and said that despite his efforts to transfer Plaintiff back to the F15 line, the request had ultimately been denied.

30.     Near the end of January 2020, Plaintiff was approached by the Boeing medical department to discuss the injury he suffered on January 8, 2020.  Plaintiff informed the medical department that his current assignment did not fit within his physical restrictions, and he requested to be returned to his previous assignment on the F15 line, as he did not have physical difficulties with his previous assignment.  The medical representative asked the manager present, Kody Yates, if there was work available in his area (the same area Plaintiff was currently working in).  Mr. Yates said they could find work for Plaintiff.  Plaintiff reiterated that he needed a different position that was compatible with his physical limitations but was told by medical that he could not be transferred.

Electronically Filed - St Louis County - August 09, 2021 - 08:45 AM

31.     On April 8, 2020, Mr. Dowling's manager, Kody Yates ("Yates"), assigned him to a job that required him to go up and down stairs of the platform. The job is called a FIPS job.

32.     Plaintiff reported to Yates that he was having physical difficulty completing the task. Yates told Plaintiff to just take breaks as needed. However, due to the nature of the work which involved wet sealer, there was not an opportunity to take many breaks. Plaintiff had to continue performing the tasks assigned by Yates, and on April 15, 2020, he fell, damaging his prosthetic leg.

33.     On April 24, 2020, Plaintiff met again with the medical department at Boeing. He explained that the work he was still being required to do was violative of the temporary restrictions Boeing had given him. Medical agreed to give Plaintiff three (3) more months of temporary restrictions while he attempted to get the temporary restrictions signed off on by his physician. Medical again stated that they could not consider Plaintiff handicap without a doctor's note.

34.     On April 28, 2020, Plaintiff was assigned five (5) additional FIPs jobs. Mr. Dowling did this work until May 7, 2020. During this time frame, due to the excessive walking, in violation of his restrictions, Plaintiff further injured the area around where his prosthetic socket comes into contact with his hip and groin area, causing him to bleed. Plaintiff complained to Yates about the work being physically difficult for him, but he was expected to continue completing the work, without accommodation.

35.     On May 7, 2020, Plaintiff was informed that Quality Control had failed all of the FIPS jobs he had completed because he had allegedly not provided inspection notes. This was

Electronically Filed - St Louis County - August 09, 2021 - 08:45 AM

not true, but in an abundance of caution, Plaintiff went back and resent all of his notes to the call
board.

36.     On May 8, 2020 Plaintiff was approached by another manager who said Quality
Control had failed all of his FIPS jobs again for not including inspection notes.  The manager
told Plaintiff to go back and enter his notes on the jobs. Plaintiff informed her had already done
that, and he requested a different Quality Control team review his work.

37.     That same morning of May 8, 2020,  Imm had a meeting with the shift, and
informed them that they would all be issued face masks, and that the masks were soft, like
women's panties. Imm also told Plaintiff and the rest of the shift that if they were closer than six
feet apart for more than ten (10) minutes, they would have to wear the mask. About two (2)
hours later, when Plaintiff was returning from the bathroom, he was stopped by another manager,
who had him sign for a mask.

38.     When Plaintiff returned to his toolbox after being provided a mask, he noticed a
co worker who was possibly in need of assistance in completing a task, so he rolled his stool
over to the co-worker, who told him he did not need assistance.  As Plaintiff began to turn away
to roll the stool back to his toolbox, he was stopped by Imm, who said, " I thought we had a
conversation about you putting on your mask."

39.     Plaintiff had not been within six feet of his co worker for more than ten (10)
minutes, and so had not thought he was required to wear a mask.  Plaintiff then asked Imm what
happened if an employee did not wear a mask.  Imm then stepped very close to Plaintiff and
started pointing in Plaintiff's face and said "if you don't' put your mask on, me and you are

7

Electronically Filed - St Louis County - August 09, 2021 - 08:45 AM

going to have a serious fucking problem." Imm then told Plaintiff to "get his shit and get the fuck

out of his shop." Imm then told Plaintiff he was firing him.

40.     Multiple employees were closer than six (6) feet apart in the Shop at the time

Imm fired Plaintiff , and Imm had to pass by these employees in order to confront Plaintiff about

not wearing his mask.  As Imm escorted Plaintiff to put away his toolbox, additional employees

in the Shop who were closer than six (6) feet apart not wearing masks.  Imm did not discipline

any of these other employees.

41.     On May 11, 2020, Plaintiff  was informed he was not terminated, and that he was

on suspension pending an investigation.

42.     On or about June 2, 2020, Imm called Plaintiff and told him to return to work on

June 3, 2021. On this same date, the acting plant chairman called Plaintiff and told him that he

had been cleared of any wrongdoing in reference to the May 8, 2020 situation with Imm.

43.     On June 3, 2020, Plaintiff returned to work and was issued disciplinary write ups

by Imm, for failing to wear his face mask and for creating a disruptive work environment. The

acting plant manager informed Plaintiff that the day before he had spoken to Imm, who said he

would continue to keep trying to fuck Mr. Dowling over.

44.     Upon arriving back to work on June 3, 2020, the acting plant manager walked

Plaintiff to his new assignment which was with the F-15 line, to meet his new superintendent.

While they waited to meet with the superintendent, the acting plant manager told Plaintiff that

Imm had sent emails to his three (3) new managers claiming that Plaintiff did not follow the

rules, liked to curse out managers, that he was angry and violent and that people were scared to

work with him.

8

Electronically Filed - St Louis County - August 09, 2021 - 08:45 AM

45.    During the meeting, Plaintiff informed his new superintendent that he was continuing to have problems with his prosthetic leg.

46.    Since January 13, 2020, Imm has shown a pattern and practice of discrimination against Plaintiff, culminating in his termination, suspension pending investigation, and two (2) disciplinary write ups.

47.    Imm also took affirmative action to block Plaintifff's repeated requests to be transferred back to the F-15 line due to his disability.  Instead of engaging in the interactive process with Plaintiff , Imm assigned tasks to Plaintiff which violated his physical restrictions, despite Plaintiff's reports that the tasks were causing him physical injury.

48.    The aforementioned actions of Imm part of a campaign to attempt to force Plaintiff to quit or to "paper" his file so as to have a purported reason to terminate his employment.

49.    Further evidence of Imm's discriminatory motive can be seen by his attempts to spread false information to Plaintiff's new managers upon his return to work on June 3, 2020, including blatant lies about his work ethic, going so far as to claim Plaintiff is violent.

50.    Since January 13, 2020, Boeing's medical department has refused to engage in any meaningful way in the interactive process with Plaintiff to attempt to provide reasonable accommodations.  Instead, Boeing's medical department and Plaintiff's supervisors have actively sought to assign him jobs that are outside of his physical restrictions, despite having ample reasonable accommodations available.

51.    Plaintiff timely filed a Charge of Discrimination with the Missouri Commission

Electronically Filed - St Louis County - August 09, 2021 - 08:45 AM

on Human Rights alleging disability discrimination, , as against Defendant,  was issued a Right to Sue Letter, and has met all administrative prerequisites to filing this cause of action.  (See attached Exhibit 1, which is hereby incorporated fully by reference).

## COUNT I-DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

52.     Plaintiff does hereby incorporate by reference each and every allegation contained in Paragraphs 1-51, as if fully set forth herein.

53.     Plaintiff is disabled as that term is defined under the Missouri Human Rights Act, in that he has a physical impairment that substantially limits one or more of his major life activities, which with or without reasonable accommodations does not interfere with his job performance.

54.     Plaintiff's disability and/or perceived disability, was a motivating factor in Defendant's decision to take the aforementioned adverse employment actions against him.

55.     At all times relevant herein, Plaintiff could perform the essential functions of his job, with or without reasonable accommodation.

56.     Plaintiff was at all times qualified for his position with Defendant and met the legitimate expectations of his employer.

57.     Defendant failed to reasonably accommodate Plaintiff's  known physical limitations, despite his repeated requests.

58.     All actions taken against Plaintiff by Defendant herein aforementioned, qualify as adverse employment actions taken in violation of the MHRA, and such adverse employment

Electronically Filed - St Louis County - August 09, 2021 - 08:45 AM

actions were of a continuing nature.  The aforementioned adverse employment actions taken against Plaintiff were part of a pattern, practice, and policy of the Defendant.

59.    The aforementioned adverse employment actions taken by Defendant against Plaintiff, including but not limited to her termination, were initiated intentionally, knowingly, maliciously, and in willful and wanton disregard and reckless indifference to Plaintiff's rights all in violation of the Missouri Human Rights Act.

60.    As a result of Defendants' unlawful acts, in violation of the MHRA, as aforesaid, Plaintiff has lost wages, benefits, and has experienced pain and suffering.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in her favor, above the $25,000.00 jurisdictional requirement of this Court, against Defendant District as follows:

1.    Award Plaintiff actual damages including back-pay, , compensatory damages for Defendant's violations of the Missouri Human Rights Act, including an amount equal to her lost wages and other benefits of employment, with interest, and any medical or other expenses incurred as a result of her loss of these benefits;

2.    Award Plaintiff damages for emotional distress;

3.    Award Plaintiff reasonable attorney's fees and costs incurred herein;

4.    Grant Plaintiff such other and further legal relief as the Court deems just and proper under the facts and circumstances of this case.

11

Electronically Filed - St Louis County - August 09, 2021 - 08:45 AM

Respectfully Submitted,

LAW OFFICES OF RICK BARRY, P.C.

By:    /s/ Megen I. Hoffman
          RICK BARRY, MBE # 25592
          MEGEN I. HOFFMAN, MBE#58772
          Attorneys for Plaintiff
          1034 S. Brentwood Blvd., Suite 1301
          St. Louis, MO 63117
          Phone: (314)918-8900
          Fax: (314)918-8901
          rickbarry@rickbarrypc.com
          megens@rickbarrypc.com



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**

# MISSOURI COMMISSION ON HUMAN RIGHTS

| **MICHAEL L. PARSON** | **ANNA S. HUI** | **DEREK M. HOLLAND** | **ALISA WARREN, PH.D.** |
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

July 19, 2021

Douglas L. Dowling
1291 Dell Ridge Ct.
St. Peters, MO  63303
*Via Complainant Attorney Email*

### NOTICE OF RIGHT TO SUE

RE:   Dowling vs. Boeing
      FE-8/20-32201     560-2020-01937

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

(continued on next page)



EXHIBIT
1

☑ **JEFFERSON CITY OFFICE**
421 E. DUNKLIN ST.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ **ST. LOUIS OFFICE**
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ **KANSAS CITY OFFICE**
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐ **SIKESTON OFFICE**
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights       E-Mail: mchr@labor.mo.gov

FE-8/20-32201
Administrative Use/Records

RE:    Dowling vs. Boeing
FE-8/20-32201    560-2020-01937

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri. Any such petition must be filed in the Circuit Court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

Boeing
Human Resources Director
6300 James S McDonnell Blvd.
St. Louis, MO  63134

Megen I. Hoffman
Law Offices of Rick Barry, PC
1034 S. Brentwood Boulevard, Suite 1301
Saint Louis, MO 63117
*Via Email*

☑ JEFFERSON CITY OFFICE
421 E. DUNKLIN ST.
P.O. BOX 1129
JEFFERSON CITY, MO  65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ ST. LOUIS OFFICE
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ KANSAS CITY OFFICE
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐ SIKESTON OFFICE
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights      E-Mail: mchr@labor.mo.gov

Electronically Filed - St Louis County - October 18, 2021 - 10:34 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

DOUGLAS DOWLING,                    )
                                    )
                                    )
        Plaintiff,                  )
                                    )
                                    )        Cause No.: 21SL-CC03607
v.                                  )
                                    )
THE BOEING COMPANY,                 )
                                    )
Serve at:                           )
Registered Agent                    )        JURY TRIAL DEMANDED
CSC-LAWYERS                         )
INCORPORATING SERVICE               )
COMPANY                             )
221 BOLIVAR ST                      )
JEFFERSON CITY, MO                  )
65101                               )
                                    )
        Defendant.                  )

**PLAINTIFF'S REQUEST FOR ALIAS SUMMONS**

COMES NOW Plaintiff, by and through counsel, and does hereby request the issuance of

an Alias Summons, to Defendant's Registered Agent, <u>CSC Lawyers Incorporating Service</u>

<u>Company, 221 Bolivar St., Jefferson City, MO 65101</u>.

Respectfully Submitted,

LAW OFFICES OF RICK BARRY, P.C.

By:     <u>/s/ Megen I. Hoffman</u>
        RICK BARRY, MBE # 25592
        MEGEN I. HOFFMAN, MBE #58772
        Attorneys for Plaintiff
        1034 S. Brentwood Blvd. Suite 1301
        St. Louis, MO 63144
        Phone: (314)918-8900
        Fax: (314)918-8901
        rickbarry@rickbarrypc.com
        megens@rickbarrypc.com



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>WILLIAM M. CORRIGAN JR. | Case Number:  21SL-CC03607 |
| Plaintiff/Petitioner:<br>DOUGLAS DOWLING<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MEGEN L HOFFMAN<br>1034 S. BRENTWOOD BOULEVARD<br>SUITE 1301<br>SAINT LOUIS, MO  63117 |
| Defendant/Respondent:<br> THE BOEING COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:  THE BOEING COMPANY**
<div align="center">Alias:</div>

**CSC LAWYERS INCORPORATING SERVICE**
**COMPANY:R/A**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>27-OCT-2021</u>
**Date**                                                                                         _____
                                                                                                              **Clerk**
**Further Information:**
**WAW**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                         _____
Printed Name of Sheriff or Server                                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*                    Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                                    Date                                                Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**
If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**
If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**
Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

### For more information call: 314-615-8029





# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>WILLIAM M. CORRIGAN JR. | Case Number:  21SL-CC03607 | **RECEIVED** |
|---|---|---|
| Plaintiff/Petitioner:<br>DOUGLAS DOWLING | Plaintiff's/Petitioner's Attorney/Address<br>MEGEN L HOFFMAN<br>1034 S. BRENTWOOD BOULEVARD<br>SUITE 1301<br>SAINT LOUIS, MO  63117 | **NOV 01 2021** |
| | | **COLE COUNTY<br>SHERIFF'S OFFICE** |
| vs. | | |
| Defendant/Respondent:<br> THE BOEING COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **THE BOEING COMPANY**
                **Alias:**
**CSC LAWYERS INCORPORATING SERVICE**
**COMPANY:R/A**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

       **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>27-OCT-2021</u>
Date

Further Information:
WAW

                                              Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_CSC Lawyers_, S.L. (name) _designee_ (title).

☐ other _____

Served at _350 E. High_ (address)

in _Cole_ (County/City of St. Louis), MO, on _11-2-2021_ (date) at _8:00 AM_ (time).

_Sheriff John P Wheeler_ by _St. Aimes who_

Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

  *(Seal)*      Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                    Date                           Notary Public

